UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re

LISA M. PERRY,

   Debtor.

Case No. 06-26132

Chapter 13

---

MEMORANDUM DECISION ON DEBTOR'S OBJECTION TO
PROOF OF CLAIM NO. 6 OF BRANDON GUYTON

---

  Brandon Guyton, the debtor's former landlord, filed a proof of claim on March 6, 2007, in the total amount of $2,085.00, with $695.00 as unsecured nonpriority and $1,390.00 as priority. The debtor objected to the claim on March 9, 2007, asserting the claim was not entitled to priority and the amount was overstated. The court held a hearing on the objection on April 16, 2007, and took under advisement the issue of whether the claim, or any portion of it, should be allowed as an administrative expense under 11 U.S.C. § 503. Although the parties were given the opportunity to file optional briefs, none were filed.

  This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), and the court has jurisdiction under 28 U.S.C. § 1334. The following constitutes the court's findings of facts and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

FACTS

  According to the real estate lease attached to the proof of claim, the debtor and claimant entered into the residential lease prepetition, March 4, 2006, for the premises located at 5066 N.

38th Street, the same address the debtor listed on her schedules as her home address. The term of the lease was one year, from June 1, 2006, to July 1, 2007, and rental payments of $695.00 were due on the fifth of each month. The debtor filed her chapter 13 petition on October 30, 2006.

The debtor likely defaulted on her lease prepetition because she listed the claimant on Schedule F as holding an unsecured nonpriority claim in the amount of $1455.00 for a "2006 eviction judgment." The Statement of Affairs states the eviction lawsuit is "pending." The debtor's plan rejected all scheduled unexpired leases and executory contracts, with the claimant's lease being the only lease or contract listed on Schedule G. It is unclear from the record when the debtor vacated the premises, although she filed a change of address on January 10, 2007, and the proof of claim is for three months rent, two of which are claimed as priority, presumably because they were accrued postpetition.

DISCUSSION

Although it might have been more prudent for the claimant to have filed a separate request for payment of an administrative expense, the court will construe the proof of claim as a combined claim and application for administrative expense. *See* 4 COLLIERS ON BANKRUPTCY ¶ 503.02[1] (Lawrence P. King et al. eds., Supp. 2007).

For a claim to qualify under section 503(b) as a administrative expense, it must arise from a postpetition transaction with the estate and include "the actual, necessary costs and expenses of preserving the estate...." 11 U.S.C. § 503(b)(1)(A). The burden of proving these elements is on the creditor. *See In re Freeman*, 297 B.R. 41, 44 (Bankr. E.D. Va. 2002) (absent showing that debtor's residence conferred a demonstrable benefit to the bankruptcy estate, postpetition rental

arrears were not entitled to administrative expense priority). The allowance of an administrative expense to a landlord of residential property seeking to collect rental arrears from a debtor appears to be rare. *See id.* at 45; *In re Scott*, 209 B.R. 777, 783 (Bankr. S.D. Ga. 1997); *but see In re Mandel*, 319 B.R. 743 (Bankr. S.D. Fla. 2005) (finding debtor's postpetition occupation of apartment conferred actual, concrete benefit upon estate because debtor was self-employed, using apartment in his business to generate income to pay creditors).

The debtor has vacated the premises, making it highly unlikely she intended to use the property as part of her reorganization. *See Freeman*, 297 B.R. at 44 (holding "property necessary to the effective reorganization of the debtor's estate is analogous to property that confers some demonstrable benefit to the estate"). As we have no allegation or evidence that the debtor was using the property for income producing purposes, *Mandel* does not apply.

In this case we have no assumption of the lease, and the debtor's plan, as well as an amended plan, provided for rejection of the lease. If an unexpired lease is rejected and there has been no prior assumption, a breach of the lease is deemed to have occurred immediately before the date of the filing of the petition. 11 U.S.C. § 365)g)(1). Thus, the appropriate damages from such a breach are asserted by way of a prepetition claim. *See Scott*, 209 B.R. at 784. Sometimes, a portion of the claim could be considered a postpetition claim, depending upon the actual date of rejection. *See id.* at 784. For example, the court in *Scott* determined the landlord's rent which accrued 30 days postpetition was a prepetition claim because Georgia law required the tenant provide 30 days notice before vacating. The rent due for subsequent months was deemed part of the landlord's postpetition claim or right of recovery. The debtor in *Scott* was a tenant-at-will because the lease expired pre-petition, making him a month-to-month tenant. That is not the case

here because the lease was set to expire some time postpetition and after the debtor vacate the premises.

This landlord filed his claim for $2,085.00, with $695.00 as unsecured nonpriority and $1,390.00 as priority. Since the monthly rent was $695.00, presumably the claim is for one prepetition month of past-due rent and two postpetition months of past-due rent. However, the lease is deemed rejected as of the filing of the petition under 11 U.S.C. § 365(g)(1), making the rent for the remaining term of the lease a prepetition claim. The postpetition rent arrears, which accrued before expiration of the term of the lease, is therefore not entitled to an administrative expense priority.

Under Wisconsin law, a tenant's tenancy is terminated after the failure to pay any installment of rent when due if the landlord gives the tenant notice requiring the tenant to pay rent or vacate at least 5 days after the notice and the tenant fails to pay accordingly. Wis. Stat. § 704.17(2)(a). The tenant is then considered a holdover after the termination of the lease. *See* Wis. Stat. §§ 704.23 - .29. There is no evidence the landlord followed this procedure[1] or consented to the holdover, or that the landlord elected to hold the tenant on a month-to-month basis, as prescribed by section 704.25(2), Wis. Stat. State law further provides that, if a tenant remains in possession without consent of the landlord after termination of the lease, the landlord may recover actual damages suffered or twice the rental value apportioned on a daily basis for the

---

[1] He probably did, since eviction proceedings were apparently commenced and possibly completed prepetition. However, we cannot be sure from the record presented, and the claim makes no reference to a judgment. If termination procedures were followed, the prepetition claim would accrue up to the date of termination, or the date of filing, whichever is later. Holdover damages accruing after the date of petition would not be subject to the discharge, under the analysis described in *Scott*.

time the tenant remains in possession. Wis. Stat. §§ 704.27 -.29. Such damages – if they exist – less mitigation, might be a postpetition claim, but not an administrative claim.

A separate order consistent with this decision will be entered.

May 22, 2007

Margaret Dee McGarity
Chief Judge, U.S. Bankruptcy Court

5